IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**Sharlene Chapman,**
Plaintiff,
v.
**Averett University,**
Defendant.

Civil Action No. _____
**COMPLAINT FOR EMPLOYMENT DISCRIMINATION**
(For Discrimination under Title VII of the Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act of 1990)

**Plaintiff, Sharlene Chapman**, hereby files this complaint against **Averett University**, Defendant, and alleges as follows:

## I. NATURE OF THE CASE

1. This is an action for discrimination based on race and disability, and for retaliatory actions, in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) and the Americans with Disabilities Act (ADA) of 1990 (42 U.S.C. § 12101 et seq.). Plaintiff seeks compensatory damages for emotional distress, lost wages, and any other harm resulting from Defendant's actions, as well as punitive damages due to the Defendant's willful, malicious, and discriminatory conduct. Additionally, Plaintiff seeks front pay, back pay, and other equitable relief as warranted under the law.
2. Plaintiff's claims involve discriminatory treatment and retaliation based on race and disability, as well as the failure to provide reasonable accommodations for Plaintiff's disability and the continued discriminatory behavior of the Defendant's employees, despite Plaintiff's complaints.

## II. JURISDICTION AND VENUE

3. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343, as the claims arise under federal law, specifically Title VII of the Civil Rights Act of 1964, as

amended (42 U.S.C. § 2000e et seq.), and the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.).
4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the Defendant is located in the Eastern District of Virginia, Norfolk Division, and the discriminatory conduct occurred within this jurisdiction.

## III. PARTIES

5. **Plaintiff: Sharlene Chapman** is an individual residing in Hampton, VA, who was at all relevant times an employee of Averett University.
6. **Defendant: Averett University** is a private educational institution with its principal place of business located in Danville, Virginia, and doing business in this district.

## IV. FACTUAL ALLEGATIONS

7. **Employment Relationship**: Plaintiff was employed by Averett University or through a third party contractor to work for Averett as an adjunct nursing instructor from January, 2023 and is currently employed by the Defendant.
8. **Discriminatory Performance Evaluations**: a. Plaintiff, who is Black, was subjected to discriminatory treatment in performance evaluations compared to her white colleagues. For example:

    i. Plaintiff was assigned a performance evaluation score of 3 for failing to turn in course reports, which she was unaware of. In contrast, Kaileigh Wilson, a white educator, was given a 4 despite also failing to submit or even see course reports (Plaintiff has proof of this discrepancy through text messages).

    ii. Plaintiff also received a score of 4 for attendance and grades, but her grades and attendance were consistently submitted on time. In contrast, Sara Salen, a white educator, also received all 4s for attendance and grades, despite her grades and attendance being consistently submitted late (Plaintiff has proof of this discrepancy through text messages).

    b. Additionally, two other Black educators, Dr. Pierce and Dr. Nganso, received similar unjustified performance scores, with scores of 4 and 3 without clear reasons for the discrepancies.

    c. Kathy Cline, Associate Dean, was unable to provide a clear explanation for the performance scores, despite being asked multiple times (Plaintiff has a video recording of this discussion).

9. **Failure to Address Discriminatory Practices**: a. When these discriminatory performance evaluations were brought to the attention of the Dean of Nursing, Teresa Beach, she suggested that Plaintiff "expunge or delete the record" instead of addressing the issue.

   b. Kathy Cline has been previously reported for racial inequalities related to employees, but neither Human Resources nor Dr. Teresa Beach took any further action or reprimanded Kathy Cline. For example:

   i. Kathy Cline required a Black educator to report to campus for in-person teaching, while allowing a white educator to work from home or attend through Zoom without any justification.

   ii. When this practice was reported to Human Resources, the response from Kathy Cline was: "I wasn't aware that assignments had to be equal. From now on I won't do to one educator what I don't do to another."

   c. Past employees are willing to testify about incidents where Kathy Cline made derogatory comments about Black students, such as saying: "Why do these African students keep coming here to get an education and they need to learn to speak English."

   d. Kathy Cline has also attempted to have Black educators removed from the university, while showing favoritism towards white educators. Specifically, white educators were given preference for teaching online courses over Black educators, further reinforcing the discriminatory practices.

10. **Disability Discrimination and Failure to Accommodate**: a. Plaintiff is a qualified individual with a disability as defined under the Americans with Disabilities Act (ADA). Plaintiff suffers from an impairment that substantially limits major life activities such as breathing, circulation, and the ability to perform physical tasks. Specifically, Plaintiff was diagnosed with **Cardiomegaly** (an enlarged heart) after seeking medical attention for shortness of breath, chest pain, and palpitations on **June 9, 2024** to **June 10, 2024**. A **CT scan** confirmed the diagnosis of an enlarged heart, and subsequent **echocardiogram** on **August 9, 2024** confirmed a "moderately enlarged heart." While the Plaintiff was awaiting further evaluation by a cardiologist, this condition severely limited her ability to perform physically demanding tasks, including walking long distances, assisting patients, and engaging in extended periods of physical activity (such as teaching clinicals). She reports taking homeopathic drug to mitigate her symptoms such as (dandelion a natural diuretic) and (beet juice) a natural vasodilator and eliminating salt from her diet.

b. On **June 11, 2024**, Plaintiff informed **Kathy Cline**, Associate Dean, of her medical condition and explained that she was unable to perform clinical duties, which require long shifts and physical exertion. Plaintiff requested to teach more online courses, which she was qualified to teach, due to her health condition. Kathy Cline's response was dismissive: "Sorry about your illness, perhaps you shouldn't take on more."

c. Despite applying for several online teaching positions and receiving rejection letters (Plaintiff has proof of application rejections), Plaintiff continued to experience anxiety and stress regarding her work assignments, which exacerbated her shortness of breath. On **June 17, 2024**, Plaintiff asked Kathy Cline if she would be assigned online courses, to which Cline responded, "You may get one or two" (text message proof).

d. On **June 21, 2024, Kaileigh Wilson (white),** was assigned to teach an online course that Plaintiff had requested multiple times. Kaileigh confirmed that Kathy Cline had asked her for a final decision on whether she wanted the online course on **June 20, 2024** (text message proof). Adjunct educators are allowed to have up to 3 online courses. Sarah Salen (white) has 3 online courses. At the time the Plaintiff only had 1 online course and no other work. Kaileigh had to be hired through Averett to teach online as she also worked for a third party contracting company for Averett (Orbis). (Kaleigh Wilson works full time for Orbis and was allowed to take another course for **additional income**)

e. Other requested online courses were given to white educators, including **Dr. Lott**, who received the course after being allowed to "pick which one she wanted first" (email proof). This resulted in Plaintiff only being assigned two online courses, **NUR 329 (newly requested course)** and **NUR 213 (same course she had the previous term)**, despite being qualified to teach additional courses like **NUR 330**, which was given to white educators with full-time roles who were teaching these courses for **extra income**. Plaintiff's total salary for two online courses is **$27,000/year**, which is significantly lower than the income of full-time educators. (Dr Lott works full time for Averett and was allowed to take another online course for **additional income**)

11. **Emotional Distress and Retaliation**: a. Plaintiff has suffered emotional distress as a result of Defendant's actions, including the ongoing interactions with Kathy Cline and the failure to address her complaints. Despite Plaintiff filing complaints with the **EEOC and Human Resources**, Kathy Cline was allowed to remain in her position, and Plaintiff was forced to continue working with her. This created a toxic work environment that exacerbated Plaintiff's emotional distress and contributed to anxiety, depression, and stress. Kathy Cline has also retaliated against another employee upon her return Veronica Zeigler who went on leave do to the toxic work environment felt when working with Kathy Cline.

b. As a result of the emotional distress caused by Defendant's actions, Plaintiff sought professional counseling to help manage the anxiety and stress that had developed as a direct result of her work conditions. Plaintiff has been deeply affected by the ongoing harassment, retaliation, and failure of Defendant to take corrective action.

c. Plaintiff raised her concerns about disability discrimination, lack of accommodation, and racial discrimination to Human Resources and the Dean of Nursing beginning on **July 25, 2024**. Plaintiff also communicated these concerns to **Dr. Tiffany McKillip Franks**, President of Averett University, on **August 4, 2024**. However, no significant corrective action was taken. In fact, Plaintiff did not hear back from Human Resources or the administration until after Plaintiff

escalated her complaint to the President. Even then, the response from HR was inadequate and did not address the core issues raised by Plaintiff.

## V. CLAIMS FOR RELIEF

### First Claim for Relief – Race Discrimination under Title VII
Plaintiff incorporates by reference all of the preceding allegations. Defendant discriminated against Plaintiff based on her race in violation of Title VII by assigning unjustified performance evaluation scores to Plaintiff and other Black educators, while white educators received more favorable evaluations. Additionally, Defendant chose white educators to teach online courses over Black educators.

### Second Claim for Relief – Disability Discrimination under the ADA
Plaintiff incorporates by reference all of the preceding allegations. Defendant discriminated against Plaintiff in violation of the Americans with Disabilities Act by failing to provide reasonable accommodations for Plaintiff's disability, including denying Plaintiff access to certain job assignments and opportunities. This denial of jobs further exacerbated Plaintiff's disability-related challenges and constitutes unlawful discrimination under the ADA.

### Third Claim for Relief – Retaliation
Plaintiff incorporates by reference all of the preceding allegations. Defendant retaliated against Plaintiff due to a previous complaint, causing harm to Plaintiff's employment and professional standing. The retaliation occurred after another Black educator, Chawndel Edmonds, reported unfair treatment and discrimination and was told she didn't know the job assignments had to be "equal," and that from then on, the Defendant would not do to one educator what was not done to another. Subsequently, Plaintiff was informed that the reason she received lower scores on her performance evaluation was due to the need for "equal" treatment, a justification that was not applied to white educators. This response appears to be direct retaliation for complaints raised by Black educators, including Plaintiff, about racial inequity.

### Fourth Claim for Relief – Emotional Distress
Plaintiff incorporates by reference all of the preceding allegations. As a result of Defendant's retaliatory actions and discriminatory conduct, Plaintiff has suffered significant emotional distress, anxiety, and mental anguish. The actions of the Defendant, including the unfair performance evaluations, denial of job opportunities, and retaliatory treatment, have caused Plaintiff severe emotional harm. This distress required Plaintiff to seek professional counseling and medical treatment, including the use of Zoloft, to manage the ongoing anxiety and emotional toll caused by Defendant's actions.

## VI. PRAYER FOR RELIEF

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Award compensatory and punitive damages for the emotional distress caused by Defendant's actions, in an amount to be determined by the Court, but no less than $200,000 for emotional distress and $500,000 in punitive damages;

B. Award front pay or the equivalent for missed work opportunities, including compensation for any income that Plaintiff would have reasonably earned had she been offered work assignments on an equal basis, regardless of race or disability, in an amount to be determined by the Court;

C. Award attorney's fees and costs of litigation;

D. Issue an injunction requiring Defendant to implement corrective actions, including but not limited to, comprehensive training on discrimination and accommodation of employees with disabilities, and corrective action specifically addressing the discriminatory conduct and behavior of Kathy Cline, up to and including her termination;

E. Grant any other relief the Court deems just and proper.

---

**Dated:** November 6, 2024

**Respectfully submitted,**

Sharlene Chapman

34 Scotland Rd. Hampton Va. 23663

540-819-0729

Sharleneachapman@yahoo.com

*[signature: Sharlene Chapman]*



# FAX COVER SHEET

**to:** Norberto Rosa-Ramos **fax:** 757-441-6720

**from:** Sharlene Chapman **fax:** 757 282 7822

**date:** 8/5/24 **pages:** 3

**re:** Charge For Discrimination

**message:**

Sharlene Chapman. 34 Scotland Rd Hampton VA 23663. 5408190729. Inquiry#437-2024-01942. Hello, this is a very stressful time. I have reached out to the EEOC Norfolk office and requested that they please edit my charge so I can sign it but it came back to me the second time without the requested edits. Suggested edits Discrimination Based On: Disability, RETALIATION & RACE. Please help, thank you, and God bless you!

EEOC Form 5 (07/24)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC | 437-2024-01942 |
| Virginia Office of Civil Rights | |

---

Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)*: Ms. Sharlene A. Chapman
Home Phone: 540-819-0729
Year of Birth: 1989
Street Address: 34 Scotland Rd.
HAMPTON, VA 23663

---

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Averett University
No. Employees, Members: 201 - 500 Employees
Phone No.: 434-791-7106
Street Address: 420 West Main St.

Kathie Tune (Human Resources)
Email: KTUNE@Averett.edu

DANVILLE, VA 24541

Name:
No. Employees, Members:
Phone No.:
Street Address:

---

**DISCRIMINATION BASED ON:**
Disability, Retaliation, + Race

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 06/11/2024
Latest: 08/02/2024
Continuing Action

---

**THE PARTICULARS ARE:**

I began my employment with Averett who hired Orbis Education who hire Maxim/Amergis who hired me in January of 2023 working in the hospital teaching clinicals at the bedside with nursing students for Averett University. I then was hired directly with Averett University in March of 2024. Explanation: On June 11, 2024 I told Dr Cline that I had recently been released from the Emergency Room due to palpitations, chest pain, intermittent shortness of breath that had been going on for days, depression, and was referred to a cardiologist and this is the reason I have not picked up any more clinicals at the hospital or labs on campus. I told her that I am still seeking fulltime online work and asked if she can please give me 329, 330, 213, and 211 for the Fall24. She stated via text "Sorry about your illness. If you are having difficulty I don't believe you should take on more". To which I responded that I am fine at home using the computer, that I still have to make a living some how and I am looking for work with less physical exertion. I HAVE A RECORD OF HAVING AN ENLARGED HEART AND MULTIPLE ER VISITS FOR THE SYMPTOMS I STATED HERE. Also on June 11, 2024 Dr sent out an email to the ABSN faculty stating "I am asking you as a group of professors, if you will teach in the fall. This would be for the same classes you have had this term except for Dr. Pendleton, who is giving up one class. Please don't discuss with others until all contracts have been signed and returned." To which I responded yes, I would like to teach NUR211, 213, 329, & 330 for the Fall24. She did not state anything. June 21 Kaleigh Wilson, a Caucasian Coworker less qualified in online teaching who already has fulltime position. This will be extra income for her texted me "Good morning! I just picked up the didactic part of NUR211 for the fall and I was wondering if you have any zooms or test reviews coming up that you would mind me joining? The fall will be my

Page 1 of 3

first didactic teaching experience, so I am trying to gather some tips. Thanks!" KAILEIGH DOES NOT HAVE An MSN IN NURSING EDUCATION WHICH PER POLICY IS REQUIRED TO TEACH THE ABSN ONLINE COURSE I REQUESTED. I have an MSN, online teaching experience, and online teaching certifications. This is not even dispersed as there is no other black educator in my role but there are other white educators who have a course load of 3 courses. Kaileigh and Dr Lot both have fulltime positions. I asked Kaleigh if Dr Cline asked her to teach 330 also. Kaleigh responded "She said it was available that was all. I told her I would be interested in getting more diverse experience but I don't know where that fell in the larger timeline of events" Dr Cline just asked me for my final answer yesterday (June 20) on if I wanted to take a course or not I had been waiting to see if I had more full time in the lab or not because I didn't want to over commit myself". Also, June 21 Dr Cline asked me "Sharlene do you still want NUR329?" to which I responded Absolutely I would absolutely love that and will greatly appreciate it. Did someone already agree to 330? I know Kaleigh is doing 211" to which she responded "I had promised Dr. Lott a course and I think she wanted 330 but if she wants 329 I will give that to her and you can take 330. Wait for her to make up her mind. Yes Kaleigh needed a course to get her started with didactic. If Dr. Lott has changed her mind, you would want both 329 and 330?" Why do I have to wait for Dr Lott? I said I wanted 329 why does she get first pick? (Dr Lott is a Caucasian instructor who already has full time work who is not even in the same ABSN program or at the Norfolk campus). Evaluation inequalities: Black instructors got all 4s and a 3 white instructors got all 4s. Dr Cline Stated "I would have given you more but it had to be "equal" (This is retaliation because she is referring back to when she was reported to HR because a white educator was not made to come on campus but a black educator was to the point where they changed the job description to fit the white educators needs of working from home but not the needs of the black educator with a disabled child. Dr Chawndel Edmonds does not want to be named but she filed a report with HR without results and would prefer to not be mentioned but does not mind being interviewed by EEOC. HR has let this go for too long. Dr Beach Dean of nursing statement to the HR complaint was that she "didn't know assignments had to be equal. From now on she won't do anything to one employee that she doesn't do to another employee". Witnesses have heard Dr Cline say racist comments and are ok with being interviewed. I have been in communication with HR but they have not said anything to me in days and DR Beach the Dean suggested to "expunge or delete" the record which seems like a way to sweep it under the rug.

I believe I was denied reasonable accommodations due to my race-black and my disability in violation of Title VII of The Civil Rights Act of 1964, as amended, and The Americans with Disabilities Act of 1990, as amended. I believe I was treated unfairly due to race, and Retaliated against due to another employees complaint

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

*/s/ Sharlee Clemson* 8/5/24
Charging Party Signature & Date

---

NOTARY – When necessary for State and Local Agency Requirements

---

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

---

Signature of Complainant

Subscribed and sworn to before me this date: _____

## Information about the company or organization that you believe discriminated against you

The organization name is Averett University.

It is located at 420 West Main St., DANVILLE, Virginia 24541..

It employs 201 - 500 Employees.

Its phone number is .

## Why and when you believe you were discriminated against

I believe I was discriminated against because of Disability

The discrimination occurred on or about 06/11/2024 through 08/02/2024

Explanation:

I began my employment with Averett who hired Orbis Education who hire Medi-x/Amergis who hired me in January of 2023 working at the hospital teaching clinicals at the bedside with nursing students for Averett University. I then was hired directly with Averett University in March of 2024. Explanation: On June 11, 2024 I told Dr Cline that I had recently been released from the Emergency Room due to

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Norfolk Local Office
200 Granby Street, Suite 739
Norfolk, VA 23510
(757) 600-4720
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/09/2024

**To:** Ms. Sharlene A. Chapman
34 Scotland Rd.
HAMPTON, VA 23663
Charge No: 437-2024-01942

EEOC Representative and email:   ALEX WING
Investigative Support Assistant
alex.wing@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 437-2024-01942.

On behalf of the Commission,

Digitally Signed By: Norberto Rosa-Ramos
08/09/2024

Norberto Rosa-Ramos
Local Office Director



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Charlotte District Office**

129 West Trade Street, Suite 400
Charlotte, NC 28202
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Direct Dial: (980) 296-1250
FAX (704) 954-6410
Website: www.eeoc.gov

August 16, 2024

Sharlene A. Chapman
34 Scotland Rd.
Hampton, VA 23663
Sharleneachapman@yahoo.com

RE: Sharlene A. Chapman v. Averett University
    EEOC Charge No.: 437-2024-01942

Dear Ms. Chapman:

This letter is in response to your fax correspondence dated August 10, 2024, wherein you requested reconsideration of the Commission's August 9, 2024, Determination and Notice of Rights letter issued in the employment discrimination charge you filed against Averett University, located in Danville, VA (EEOC Charge Number: 437-2024-01942).

Your charge was formalized by our Norfolk Local Office on August 7, 2024. Upon completion of the charge processing, we issued a Determination and Notice of Rights letter on August 9, 2024. The Determination and Notice of Rights letter informed you of the dismissal of your charge and your right to pursue this matter under federal law in federal or state court. The Determination and Notice of Rights letter also informed you that the lawsuit must be filed **WITHIN 90 days of your receipt of the Notice or the right to sue based on the charge will be lost and cannot be restored by the EEOC.** Also, a reconsideration request *does not stay or extend* your 90-day suit rights.

After carefully reviewing the additional evidence you submitted with your request for consideration, as well as the evidence gathered during the investigation of your complaint, I do not find support for reconsideration of the Determination and your request for reconsideration is denied.

We understand that the parties to a charge often have firm views that the available evidence supports their respective positions. However, the EEOC is an impartial law enforcement agency that must issue determinations based on our interpretations of the relevant evidence and the laws we enforce.

Sincerely,

*Elizabeth A. Rader*

Elizabeth Rader
District Director

cc: Norberto Rosa-Ramos, Office Director, Norfolk Local Office

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
_____ DIVISION

Sharlene Chapman
Hampton VA
_____
Plaintiff(s),

v.

Averett University
Danville VA
_____
Defendant(s),

Civil Action Number: _____

## LOCAL RULE 83.1 (N) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared or assisted in the preparation of  Complaint for Employment Discrimination
                                                           (Title of Document)

Sharlene Chapman
_____
Name of *Pro Se* Party (Print or Type)

*[signature]*
_____
Signature of *Pro Se* Party

Executed on: 11/6/24 (Date)

OR

The following attorney(s) prepared or assisted me in preparation of _____.
                                                                    (Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)